UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH DARLING,

      Petitioner,

v.                                  Case No: 2:12-cv-298-FtM-29MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,[1]

      Respondents.
_____

## OPINION AND ORDER

Petitioner Kenneth Darling (Petitioner), filed a *pro se* Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on May 23, 2012.[2] Petitioner challenges his state court judgment of conviction for robbery with a firearm while wearing a mask arising in the Twentieth Judicial Circuit Court, Desoto County, Florida (case number 00-0431-CF). Petitioner raises four claims of ineffective assistance of trial counsel.

---

[1] When a petitioner is incarcerated and challenges his present physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004) (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

[2] The Petition was docketed and filed in this Court on May 29, 2012; however, the Court "applies the mailbox rule and refer[s] to the date [petitioner] signed his motions or petitions and submitted them to prison authorities." Cramer v. Secretary Dep't of Corr., 461 F.3d 1380, 1381 n.1 (11th Cir. 2006).

In accordance with the Court's Order to Show Cause (Doc. #6), on October 31, 2012, Respondent filed a Response to the Petition (Doc. #9) and supporting exhibits (Exs. 1-29). The Court ordered Petitioner to file a reply to Respondent's response to the Petition within twenty-one days after its filing (Doc. #6), as of the date of this Order, Petitioner has not done so.[3] This matter is ripe for review.

**I.**

On October 4, 2000, Petitioner was charged by Information with robbery with a firearm while wearing a mask. (Ex. 1.) On November 15, 2002, a motion to consolidate the trials of Petitioner, Stacey Hammond (Hammond), and Johnie Smith (Smith) was filed by the State. (Ex. 2.) On the same day, the co-defendants filed a motion to sever the trials. (Ex. 3.) Both motions were heard on November 15, 2002. (Ex. 4.) The prosecutor explained that co-defendants Hammond and Smith wanted to sever the trials because Petitioner made statements during his interview. (Id. at 15.) The State did not object to Petitioner's case being severed and proposed two juries at the same trial. (Id. at 16-17.) Defense counsel for the three co-defendants argued they wanted

---

[3]On August 8, 2014, Petitioner filed a letter response stating that he filed a Reply on June 28, 2012. (Doc. #14) There is nothing on the docket reflecting Petitioner filed a reply. See docket. The Court notes that Petitioner alleges his Reply was sent for mailing approximately four months before the Respondent's Response was filed.

separate trials and separate juries for each defendant. (Id. at 19-25.) Petitioner's counsel argued that the evidence against Smith included DNA, fingerprints, mask, and a gun that juries may unjustly connect to Petitioner. (Id. at 24-25.) The State argued that the evidence would be entered even if the trials were severed. (Id. at 26-27.)

The trial court severed Petitioner's case and held one trial with two juries. (Id. at 28.) The jury was selected on December 6, 2002, and opening statements commenced on December 9, 2002. (Ex. 29.) On December 13, 2002, the jury found Petitioner guilty of robbery with a firearm while wearing a mask. (Ex. 5.) Petitioner was sentenced to life in prison. (Ex. 6; Ex. 7.)

A notice of appeal was filed on April 30, 2003. (Ex. 8.) On February 4, 2005, the state district court affirmed *per curiam* without a written opinion (case number 2D03-1740). (Ex. 11.) The mandate was issued on March 3, 2005. (Id.)

On August 11, 2005, Petitioner filed a *pro se* motion for post-conviction relief raising four claims of ineffective assistance of trial counsel. Specifically, Petitioner raised the following claims: 1) ineffectiveness for failure to allow Petitioner to inspect juror lists to discover the "all white" prospective jury; 2) ineffectiveness for failure to object to the presentation of physical evidence during opening statements; 3) ineffectiveness for failure to object and preserve for appellate review the motion

to sever trial; and 4) ineffectiveness for failure to object to the robbery with a firearm instruction. (Ex. 12.) The Court denied the motion on its merits. (Ex. 13.)

Petitioner filed a notice of appeal from that denial on April 25, 2007. (Ex. 14.) The state district court of appeals affirmed claims two through five without discussion. (Ex. 16.) The court affirmed claim one without prejudice as insufficiently pled. (Id.) The mandate was issued on March 13, 2008. (Id.)

Petitioner filed a second motion for post-conviction relief on July 31, 2008, raising his first claim again. (Ex. 17.) The Court ordered the State to respond. (Ex. 18.) The State responded that there was no reasonable probability of a different outcome and there was no evidence of prejudice or racial biases among the jurors. (Ex. 19.) Petitioner filed a reply. (Ex. 20.) On July 15, 2011, the court denied Petitioner's second motion. (Ex. 21.) Petitioner appealed. (Ex. 22.) While his second post-conviction motion was still pending, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Ex. 24.) Petitioner moved to stay his Petition until he could exhaust his state court remedies. (Ex. 26.) The Court denied Petition's motion to stay and dismissed his case. (Ex. 28.) On April 18, 2012, the state district court affirmed *per curiam* without a written opinion. (Ex. 23.) The mandate issued on May 17, 2012. (Id.)

Petitioner filed the instant Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on May 23, 2012, raising the same four grounds of ineffective assistance of counsel which were raised in his post-conviction motions. See generally Petition. Respondent acknowledges the Petition is timely, and the Court agrees.

## II.

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA or the timeliness of the Petition.

**A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")**

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court

either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply", Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786–787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1); see, e.g., Burt v. Titlow, 134 S. Ct. 10, 15-16 (2013); Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

**B.   Standard for Ineffective Assistance of Counsel**

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Id. This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13 (citing Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Indeed, the petitioner

bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

## III.

For the reasons stated below, the Court finds after *de novo* review that the state court's determination that counsel did not provide ineffective assistance is not contrary to, nor an unreasonable application of, clearly established federal law.

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). The Court addresses each of Petitioner's arguments in turn.

**A. Failure to Object to Evidence Presented During Opening Statements**

In ground one, Petitioner alleges he was denied the effective assistance of counsel when counsel failed to object to the State presenting physical evidence during opening arguments. (Doc. #1, p. 4.) Petitioner asserts that the State improperly presented photos, slides, and videotapes of the evidence expected to be introduced during trial. (Id.) Petitioner contends that presentation of these items during opening statements was prejudicial, and counsel was ineffective for failing to object. (Id.)

Respondent asserts there is no reasonable probability that the presentation of the evidence during opening arguments affected the outcome of the trial. (Doc. #9, pp. 15-16.) Respondent

argues the State's use of photographs and slides helped outline the facts, and the State did not use the evidence to discuss legal arguments. (Id.) Respondent further asserts the state trial court was within its discretion to allow the presentation of evidence to outline the facts of the case. (Id.) Respondent also argues that given the compelling evidence of guilt, the alleged error did not have a substantial and injurious effect or influence in determining the jury's verdict. (Id.)

The post-conviction court found that there is neither a general rule of court or statute touching opening statements but the "prosecuting attorney may outline the facts that he or she, in good faith, expects to prove." (Ex. 13, p. 5.) Citing Florida law, the post-conviction court stated that the "purpose and scope of a legitimate opening statement is to state what evidence will be presented to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence to the whole." (Id.) The court concluded that "[b]ecause the photographs were not used to present arguments or discuss the law of the case, it was not necessary that trial counsel object." (Id.) The appellate court affirmed the post-conviction court's findings without written opinion. (Ex. #16.)

Opening remarks are not evidence, and the purpose of opening argument is to outline what an attorney expects to be established by the evidence. Whitted v. State, 362 So. 2d 668 (Fla. 1978).

The control of comments is within the trial court's discretion. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882 (1982). The state court determined that the State's opening statement complied with state law and it was not necessary for counsel to object. Review of this finding of state law is not cognizable in a federal habeas proceeding. Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Davis v. Jones, 506 F.3d 1325, 1332 (11th Cir. 2007) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Davis, 506 F.3d at 1332 (quoting Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)).

Nevertheless, the record shows the jury was properly advised that counsel's remarks during opening statements were not evidence. (Ex. 29, p. 17.) Therefore, there was no need for trial counsel to object and his failure to do so did not result in a reasonable probability that the proceeding would have been different. The Court finds that the state court's determination is not contrary to Strickland or based upon an unreasonable determination of the facts. Accordingly, ground one is denied pursuant to 28 U.S.C. § 2254(d).

**B.   Failure to Object to Testimony of DNA Evidence in Order to Preserve Motion to Sever for Appeal**

In ground two, Petitioner alleges he was denied the effective assistance of counsel when counsel failed to object to the presentation of DNA evidence implicating a co-defendant in order to preserve for appeal the defendants motion to sever trial. (Doc. 1, p. 6.) Petitioner argues severance was necessary because the jury could infer that the DNA evidence which implicated co-defendant Smith, was also evidence of Petitioner's guilt. (Id.) Petitioner asserts that if counsel would have properly objected, the issue would have been preserved for appellate review and the appellate court may have reversed Petitioner's conviction by finding that the Court erred in not severing the trials. (Id.)

Respondent asserts that Petitioner's counsel properly addressed the motion to sever under Florida law. (Doc. #9, pp. 17-18.) Respondent argues that the DNA and testimony evidence was relevant to Petitioner's charge and would be admissible in a severed trial. (Id.) Respondent also asserts that even if counsel had objected to the evidence and testimony, there is no probability of a different outcome. (Id.)

The post-conviction court noted that counsel had properly moved to sever the trials which the trial court granted. (Ex. 13, p. 6.) The post-conviction court found that because the trials were severed, "there was no need for trial counsel to object."

(Id.) The appellate court affirmed the post-conviction court's findings without written opinion. (Ex. #16.)

The underlying issue of Petitioner's second ineffective assistance of counsel claim is state-law based. The post-conviction court, and in turn, the state appellate court by its affirmance, have answered the question of whether Petitioner was entitled to severance of the trials. The record shows the trial court did in fact sever Petitioner's trial from the other co-defendants' trial in that Petitioner had his own jury. Consequently, Petitioner's claim that counsel's failure to object to the introduction of DNA evidence somehow prejudiced his ability to appeal the court's motion to sever, is without merit.

Petitioner cannot establish prejudice arising from counsel's failure to object. Petitioner has failed to show that the state court's adjudication of this claim was contrary to either prong of Strickland or was based upon an unreasonable determination of the facts. Accordingly, ground two is denied pursuant to 28 U.S.C. § 2254(d).

**C. Failure to Allow Petitioner to Inspect Juror Lists or Voir Dire Procedures**

In ground three, Petitioner asserts he was denied the effective assistance of counsel when counsel failed to move the court to allow him to inspect the juror lists and procedures. (Doc. #1, pp. 9-10.) Petitioner alleges that counsel had concerns

about an all-white jury and racial bias. (Id.) Petitioner contends that counsel should have moved the court to allow inspection of juror lists and selection procedures to determine if minority groups were systematically excluded. (Id.)

Respondent asserts the state decisions resulted in an objectively reasonable application of Strickland's deficiency prong. Respondent alleges that counsel's actions during voir dire are presumed to be matter of trial strategy. Respondent further asserts that Petitioner has failed to show racial bias was present which would have required formal objections or challenges.

The post-conviction court rejected Petitioner's claim of ineffectiveness of counsel relating to the jury bias allegations finding Petitioner failed to object to the jury composition at the time of trial. (Ex. 13, pp. 3-4.) On appeal, the court found no factual support for Petitioner's claims and affirmed without prejudice to Petitioner filling a second motion on the claim. (Ex. 16.) The post-conviction court reviewed the merits of Petitioner's claim again in his second motion for post-conviction relief. (Exs. 17-21.) The post-conviction court denied Petitioner's claim finding that Petitioner's conclusory allegations failed to establish a legally sufficient claim. (Ex. 21.) The decision was *per curiam* affirmed on appeal. (Ex. 23.)

The Court finds that Petitioner is not entitled to relief on this claim. Petitioner has failed to offer any evidence showing

that had he been able to inspect the juror lists and procedures, there is a reasonable probability that the outcome of the trial would have been different. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (explaining that a petitioner is not entitled to an evidentiary hearing or federal habeas relief in ineffective assistance of counsel claims were claims are merely conclusory allegations).  The state court's determination that Petitioner's allegations did not support a claim for ineffective assistance of counsel are not contrary to Strickland or based upon an unreasonable determination of the facts.  Consequently, ground three is denied pursuant to 28 U.S.C. § 2254(d).

**D.    Failure  to  Object  to  the  Robbery  with  a  Firearm  Jury Instruction**

In ground four, Petitioner alleges he was denied the effective assistance of counsel when counsel failed to object to the jury instruction on robbery with a firearm.  Petitioner asserts the instruction failed to instruct the jury that they had to find the gun was a firearm beyond a reasonable doubt.  (Doc. #1, pp. 11-12.)  Petitioner argues that he was prejudiced because had counsel objected properly, the court may have granted a judgment of acquittal because there was no evidence to prove the firearm element.  (Id.)   Petitioner also alleges a lesser included offence would have been submitted to the jury for consideration resulting in a lesser sentence.  (Id.)

Respondent asserts that this is an issue of a state law jury charge and thus, the Court is limited to determining whether any error or omission in the jury charge was so prejudicial as to amount to violation of due process. (Doc. #9, pp. 20-23.) Respondent argues that Petitioner has not overcome the presumption of correctness of the state court's findings by clear and convincing evidence. (Id.) Respondent further argues that Petitioner does not establish that counsel's performance was deficient or that the he incurred prejudice as a result of counsel's failure to object to the jury instruction. (Id.)

The post-conviction court rejected Petitioner's claim of ineffectiveness of counsel regarding the jury instruction finding the jury instructions satisfied Florida law, the Due Process Clause of the Fifth Amendment, and the notice and jury trial guarantees of the Sixth Amendment. (Ex. 13, pp. 7-8.) The post-conviction court applied Florida law and found that the Amended Information specifically stated the firearm was a handgun and that the definition satisfies the statutory criteria. (Id.) The appellate court affirmed the post-conviction court's findings without written opinion. (Ex. #16.)

A jury charge is adequate if, when viewed as a whole, it fairly and correctly states the issues and law. United States v. Russell, 717 F.2d 518, 521 (11th Cir. 1983). In Florida, trial courts are generally required to adhere to the standard jury

instructions after determining whether the standard instructions accurately and adequately state the relevant law.  See Moody v. State, 359 So. 2d 557 (Fla. 4th DCA 1978).

The record shows that the Court defined the term "hand gun" and the jury was instructed that they had to find the gun was a firearm beyond a reasonable doubt.  (Ex. 29, Vol VI, pp. 167 171.) Petitioner fails to demonstrate that the state trial court's instructions, viewed in light of the entire trial record, so infected the trial that his conviction violates federal due process standards.  Therefore, counsel had no grounds on which to object.

Upon thorough review of the record and the findings by the state court, this Court finds Petitioner has not established that there was any error in the jury instruction.  Counsel cannot be deemed ineffective for failing to raise a frivolous issue. Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).  Petitioner has failed to demonstrate that the State's rejection of this claim was contrary to Strickland or was based upon an unreasonable determination of the facts.  Consequently, ground four is denied pursuant to 28 U.S.C. § 2254(d).

Based upon the foregoing, the Court will deny the instant Petition.  Any other claim not specifically addressed is found to be without merit under the legal principles set forth above.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The Petition (Doc. #1) is **DENIED**.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite

showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this __25th__ day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record